***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. An employment relationship existed between Plaintiff-Employee and Defendant-Employer at all times relevant herein.
4. National Benefits America, Inc., was the carrier on the risk.
5. Plaintiff-Employee's average weekly wage for this claim was $260.00 per week, yielding a compensation rate of $173.34 at all relevant times herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a temporary worker for Defendant-Employer. Defendant-Employer was a temporary service agency. Plaintiff's first assignment through Employer-Defendant was a packing job with a company called Harris Welco. Plaintiff had been on this assignment for approximately three or four months. There was no guarantee her position would become full-time after a probationary period of approximately one year.
2. On February 26, 2002, plaintiff sustained an admittedly compensable injury when she injured her back. Defendants accepted the claim by way of a Form 60, and are paying ongoing temporary total disability benefits to Plaintiff.
3. Plaintiff's primary treatment has been with Dr. Frank Lorch, a physiatrist. On January 8, 2003, Dr. Lorch released Plaintiff at reached maximum medical improvement. Plaintiff's only work restriction was to alternate sitting and standing.
4. Dr. Lorch released plaintiff to return to work. Defendants have undertaken to find work for plaintiff. Several different positions have been identified for plaintiff.
5. Plaintiff was first offered employment at Synergy Corporation. Her responsibilities were to answer the phone, talk with clients and perform filing. The position was 24 hours per week. Plaintiff refused this position because she wanted full-time employment.
6. Plaintiff was offered employment with Bobby Music Pawn Shop. This was a counter position in which Plaintiff was required to wait on customers and answer the phone. However, after speaking with someone at the Pawn shop, whom Plaintiff could not identify, Plaintiff was told that the job required a lot of standing. Plaintiff determined that she could not work this job. Plaintiff's decision was based on hearsay evidence not accepted as fact by the Full Commission. Additionally, Plaintiff did not like the idea of working in a pawnshop and complained that the position was part-time rather than full-time.
7. Plaintiff was offered a position with Aksys USA. This was a light packing position, in which Plaintiff could have alternated sitting and standing. It was a full-time position, and paid $7.00 per hour, which was more than Plaintiff's pre-injury wage. This job offer was communicated to Plaintiff on June 9, 2003, and was a very time-sensitive offer, in that Aksys USA needed someone to start right away. Plaintiff initially indicated she would accept the position. However, she then called back and indicated she had a doctor's appointment the next day and could not start until the day after. The position would not have been open at that time. There has been no medical record produced of any office visit on June 10, 2003. Plaintiff could not identify any doctor she saw on that day.
8. Plaintiff denied that a fourth position was offered to her. Based on the credible testimony, Tammy Bryant, Employer-Defendant's area manager, offered a fourth position to Plaintiff, with a company called Newcan, Inc. It was a full-time position, and was offered to Plaintiff orally.
9. Plaintiff has not worked anywhere since February 6, 2002, or earned any wages during that period of time.
10. Employee-Plaintiff reached maximum medical improvement. She retains a 3% permanent partial disability to the back.
11. Plaintiff was offered four separate jobs by Defendant. Plaintiff refused the job at Synergy Corp. because she wanted a full time job, notwithstanding the fact that the job in which she was working when injured was a temporary position with no guarantee of becoming full time. Plaintiff also refused the job with Bobby Music Pawn Shop based on hearsay of an individual whom she cannot identify. Plaintiff then refused the job with Aksys USA because of a simultaneously scheduled doctor's appointment which the Full Commission cannot confirm and the plaintiff alleges the job with Newcan, Inc. was never offered to her.
12. Plaintiff refused each of these jobs and denied that the fourth was ever offered. Plaintiff complained that various positions were part time rather than full time, and did not offer her what she felt were sufficient opportunities for "advancement", even though she was employed as a temporary worker at the time of her injury.
13. The competent evidence in the record establishes that, at the very least, plaintiff unjustifiably refused the positions with Synergy Corp. and with Bobby Music Pawn Shop which were positions within her restrictions and that she was able to perform.
14. The medical evidence further established that Plaintiff retained earning capacity and that as of March 5, 2003, the date upon which the Form 24 was filed, Plaintiff was able to accept and perform work for either Synergy Corp. or Bobby Music Pawn Shop.
15. Plaintiff's refusal of the jobs with Synergy Corp. and Bobby Music Pawn Shop was unjustified.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Employee-Plaintiff is not disabled from working due to her February 26, 2002 compensable injury to her back. N.C. Gen. Stat. § 97-2(9).
2. Employee-Plaintiff unjustifiably refused offers of suitable employment. N.C. Gen. Stat. § 97-32.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The Special Deputy Commissioner's Order, dated April 14, 2003, disapproving Defendants' Form 24 Application is hereby VACATED.
2. Defendants' Form 24 Application is hereby APPROVED. Defendants may terminate Employee-Plaintiff's temporary total disability benefits effective March 5, 2003, the date on which the Form 24 was filed.
3. Defendants shall pay their own costs.
This the ___ day of July, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER